1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHARD GALLO,                                          )
                                                                    )        2:03-CV-1548-RCJ-LRL
                          Plaintiff,                         )
                                                                    )
            v.                                                   )        **ORDER**
                                                                    )
JACKIE CRAWFORD,                                    )
                                                                    )
                          Defendant.                    )
_____     )

          This matter comes before the Court on Defendant Jackie Crawford's ("Crawford")

Motion to Dismiss (#44) and Motion to Strike Plaintiff's Response to Defendant's Reply

(#54), as well as Plaintiff Richard Gallo's ("Plaintiff") Motion for Judgment on the

Pleadings. (#55.)  The Court has considered the Motions, the pleadings on file, and oral

arguments on behalf of the parties.  Pursuant to the following analysis, the Court grants

Crawford's Motion to Dismiss and denies Crawford's Motion to Strike as moot.  The Court

further denies Plaintiff's Motion for Judgment on the Pleadings.

**BACKGROUND**

          Plaintiff is a prisoner at the Southern Desert Correctional Center ("SDCC").  On

December 5, 2003, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983,

naming Crawford, Director of the Nevada Department of Corrections, in her individual

capacity.  Plaintiff also filed his Amended Complaint on March 17, 2004.  Plaintiff alleges

that Crawford violated the Takings Clause and the Due Process Clause of the Fifth and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Fourteenth Amendments to the United States Constitution.  Specifically, Plaintiff argues that

Crawford violated his constitutional rights by refusing to tender to Plaintiff interest earned on

his various inmate bank accounts and by transferring such interest to the General Inmate

Trust Fund.  Plaintiff seeks declaratory and injunctive relief.  Plaintiff also seeks $100,000 in

compensatory damages and $200,000 in punitive damages.

On December 23, 2003, the Court denied Plaintiff's application to proceed in forma

pauperis and ordered Plaintiff to pay a $150 filing fee within thirty days.  On January 26,

2003, the Court granted Plaintiff an additional thirty days to pay the filing fee.  Subsequently,

on March 2, 2004, the Court ordered the Complaint filed and gave Plaintiff 120 days to serve

Crawford.  Plaintiff then petitioned the Court to have the U.S. Marshals serve Defendant. The

Court denied that motion on April 22, 2004.

Plaintiff later alleged that he mailed a copy of the Complaint as well as a Waiver of

Service of Summons to Defendant via first class certified mail on May 5, 2004.  On August

11, 2004, Plaintiff moved for default judgment.  On August 17, 2004, the Court issued a

Notice Regarding Intent to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil

Procedure unless Plaintiff filed proof of service with the Court on or before September 10,

2004.

On October 12, 2004, this Court dismissed Plaintiff's motion for default judgment

and gave Plaintiff an additional sixty days from the date of the order to properly serve

Crawford.  The Court again extended Plaintiff's time to serve Crawford until December 13,

2004. On November 29, 2004, Plaintiff filed a Motion for Enlargement of Time to effect

1

2

service on Crawford.  The Court granted Plaintiff's Motion and gave Plaintiff until January

18, 2005 to complete service.

3

4

5

6

7

8

9

Plaintiff contracted with Process Servers, Inc. to serve Crawford as well as the

Attorney General.  Process Servers served a courtesy copy to the Attorney General and claims

to have served Ashlee Hernandez, a Nevada Department of Corrections employee, on

December 20, 2004.  Plaintiff also contends that he served Crawford on March 21, 2005.

Crawford claims that this attempted service was effectuated upon Suzie Cochran, a Nevada

Department of Corrections employee.  Plaintiff does not dispute Crawford's claim.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

On April 14, 2005, Plaintiff filed his Motion Requesting Full Restitution from

Defendant for Service of Process Cost and Order for Judgment by Default.  (#26.)  In his

Motion, Plaintiff asked the Court to order Crawford to pay $135 in restoration to Plaintiff for

service costs.  Plaintiff also sought default judgment in his favor and alleged that Crawford

failed to properly answer his Complaint.  On June 17, 2005, the Court denied Plaintiff's

motion for restitution and default judgment because Plaintiff failed to properly and timely

serve Crawford.  (#32.)  Plaintiff then filed his Motion for Reconsideration.  (#35.)  In its

order denying Plaintiff's motion for reconsideration, the Court stated that "the defendant shall

have thirty (30) days within which to file a response to the complaint, which may include the

assertion by motion of any defense under Rule 12(b) of the Federal Rules of Civil Procedure

warranted under these circumstances."  (#43 at 2.)  Crawford then filed the present motions

asking the Court to dismiss Plaintiff's action pursuant to Federal Rules of Civil Procedure

12(b)(5) and (6).

24

25

**DISCUSSION**

Plaintiff alleges that Crawford violated the Takings Clause and Due Process Clause to the Fifth and Fourteenth Amendments.  Defendant Crawford asks the Court to dismiss Plaintiff's Complaint based on two arguments.  First, Crawford moves pursuant to Federal Rule of Civil Procedure 12(b)(5) to dismiss Plaintiff's claims for insufficiency of process.  Second, Crawford asks the Court to dismiss Plaintiff's claims for failure to state a claim for which the Court may grant relief pursuant to Rule 12(b)(6).

**I.      Crawford's Rule 12(b)(5) Motion**

Crawford has asked the Court to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  Federal Rule of Civil Procedure 4(e) lists the manner by which a party must perform service:

(1)      pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State: or

(2)      by delivering a copy of the summons an of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

In addition, "a federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).  Although Rule 4 is a flexible rule, "without substantial compliance with Rule 4 'neither actual notice or simply naming the defendant in

the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) (citing *Familia de Boom v. Arosa Mercantil, S. A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)).

Plaintiff does not contend that he served Crawford personally or by leaving copies of the Complaint or other pleadings at Crawford's "dwelling house." Plaintiff's only contention is that he served Crawford's authorized agent. Specifically, Plaintiff argues that he complied with the service requirements when he served Ashlee Hernandez or Suzie Cochran, both Nevada Department of Corrections employees. However, as this Court has already noted in a prior order (#32 at 4-5), these individuals are not authorized to accept service on Crawford's behalf. In addition, Plaintiff argues that he properly served the Nevada Attorney General's office. However, just as with the deficient service mentioned above, Plaintiff did not serve the individuals authorized by statute to accept service on Crawford's behalf at the Attorney General's office. *See* Nev. Rev. Stat. § 41.031(2) (listing the parties authorized to accept service in an action against the state of Nevada).

This Court has already held that Plaintiff did not properly effectuate service. (#32.) Since that prior order, Plaintiff has not corrected his deficient service. Even if Plaintiff had actually served Crawford's authorized agents, his service was untimely. As mentioned above, this Court has generously extended Plaintiff's deadlines to properly serve Crawford. Over 800 days have passed since the original deadline for service expired. Plaintiff's last

1 purported service occurred two months past this Court's final extended deadline.

2 Accordingly, the Court grants Crawford's Motion to Dismiss pursuant to Rule 12(b)(5).

3 ## II.    Crawford's Rule 12(b)(6) Motion

4       Because Plaintiff failed to properly serve Crawford, this Court lacks jurisdiction over

5 her. *See, e.g., Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688

6 (9th Cir. 1988) (stating that "a federal court does not have jurisdiction over a defendant

7 unless the defendant has been served properly under Fed. R. Civ. P. 4").  Therefore, the Court

8 refrains from reaching the merits in this case and from ruling on Crawford's Motion to

9 Dismiss as it relates to Rule 12(b)(6).

10

11 ## III.    Crawford's Motion to Strike

12       Crawford has also asked the Court to strike document #54 because it is not permitted

13 under Local Rule 7-2.  Document #54 is Plaintiff's Opposition to Defendant's Reply, which

14 Crawford correctly states is not permitted under Rule 7-2.  However, Plaintiff is acting pro-se

15 and such an oversight is understandable.  However, the Court need not address this issue

16 because it dismisses Plaintiff's claims.  Thus, this issue is moot.

17 ## IV.    Plaintiff's Motion for Judgment on the Pleadings

18       As noted above, the Court dismisses Plaintiff's claims pursuant to Rule 12(b)(5).

19 Accordingly, the Court denies Plaintiff's Motion for Judgment on the pleadings as moot.

20 Because Plaintiff has failed to properly effectuate service, the Court lacks jurisdiction over

21 Defendant Crawford.  *Direct Mail Specialists*, 840 F.2d at 688.

22

23

24

25                             Page 6 of  7

1

**CONCLUSION**

2          Pursuant to the above analysis, the Court grants Defendant Crawford's Motion to

3   Dismiss.  (#44.)  The Court dismisses Plaintiff's claims pursuant to Rule 12(b)(5).

4   Accordingly, IT IS HEREBY ORDERED that Crawford's Motion to Dismiss (#44) is

5   *granted* and Crawford's Motion to Strike is *denied as moot*.  Further, Plaintiff's Motion for

6   Judgment on the Pleadings is *denied*.

7   DATED: March 5, 2007.

8

9

10   _____
                 ROBERT C. JONES
11          UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25